

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0388-19

### CHASE ERICK WHEELER, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

HERVEY, J., filed a dissenting opinion in which KELLER, P.J., and KEEL, J., joined.

### DISSENTING OPINION

The Court reaches the wrong result today in part because this Court, as well as the court of appeals, erroneously rely on *McClintock*, which is distinguishable. When properly analyzed, I conclude that the good-faith exception applies and that the blood sample should not be suppressed. For those reasons, I respectfully dissent.

### I. *McClintock* is Distinguishable

In *McClintock*, we explained that,

> [T]he good-faith exception of Article 38.23(b) will apply when the prior
> law enforcement conduct that uncovered evidence used in the affidavit for
> the warrant was close enough to the line of validity that an objectively
> reasonable officer preparing the affidavit or executing the warrant would
> believe that the information supporting the warrant was not tainted by
> unconstitutional conduct.

*McClintock v. State*, 541 S.W.3d 63, 73 (Tex. Crim. App. 2017) (internal punctuation removed). In other words, *McClintock* is about whether probable cause existed in light of the police's "prior conduct." But this case is not about prior conduct or probable cause. The only "prior conduct" here is when Officer Bonner detained Appellant and observed obvious signs of intoxication. No one suggests that Officer Bonner was "close to the line" when he detained Appellant or that he was "close to the line" when he observed signs of intoxication that led to the warrant being issued. *McClintock* is not a good fit here, and we should just say that, but if the Court insists on extending it from assessments of probable cause to the oath requirement, two completely different things, we should at least explain why.

## II. The Good Faith Exception Applies

It is an exception to the general suppression rule if "the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. art. 38.23(b). There is no dispute here that the magistrate was neutral or that the warrant was based on probable cause, so the only question is whether Officer Bonner acted in objective good faith in relying on the search warrant. I conclude that he did.

While it is an officer's job to present an affidavit to a neutral magistrate, it is the magistrate's job not to issue a warrant unless all the necessary requirements have been met. And while officers should know that a probable-cause affidavit must be sworn, I do not think that legal training for an objective officer can reasonably be said to include second-guessing a magistrate's decision to issue a warrant unless the search warrant is facially deficient. When I say facially deficient, I mean that the warrant did not specify the evidence to be searched, it was not signed or dated, the probable-cause allegations are so wanting that no reasonable officer would believe that they amounted to probable cause, or the like. That is not the case here, so I would hold that Officer Bonner acted in objective good faith.

### III. Policy Considerations Weigh Against Suppression

Although an Article 38.23 analysis, unlike the judicially fashioned exclusionary-rule analysis, is not focused on whether suppressing evidence would deter future police misconduct as a policy matter, I nonetheless note that policy considerations weigh in favor of not suppressing the evidence. What happened was inadvertent. Officer Bonner, a young, relatively inexperienced officer, who was trained at the academy, thought that he was following an approved internal policy.[1] And if they were not before, Officer Bonner and his department are now well-aware that probable-cause affidavits must be sworn to,

---

[1]Whether there was an internal policy is disputed. Officer Bonner testified that he thought it was an internal policy not to swear to the allegations in the affidavit, but the magistrate, who had 15-years of experience, testified that probable-cause affidavits sent to her from Officer Bonner's department were routinely sworn.

internal policy notwithstanding. For the magistrate's part, she testified that it is her habit to verify that the affidavits are sworn, but that this particular time she did not notice. Mistakes happen.

Finally, I note that there is no evidence that failing to suppress the evidence would lead to police intentionally evading the oath requirement to engage in misconduct. No one has claimed that Officer Bonner intentionally misled the magistrate by including allegations in the affidavit that he knew were false or would have known were false but for his reckless disregard for the truth. Also, suppressing the evidence would penalize the police (and society) when the pertinent mistake was made by the magistrate in issuing the warrant.

Because I think that Officer Bonner relied on the warrant issued in this case in objective good faith, I respectfully dissent.

Filed: February 10, 2021

Publish